JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| ANTHONY GRISSOM, SR., | Case No. ED CV 15-1982 PA (MRW) |
| Plaintiff, | **ORDER DISMISSING ACTION WITH PREJUDICE** |
| v. | |
| COUNTY OF RIVERSIDE, et al. | |
| Defendants. | |

The Court sua sponte dismisses this duplicative action pursuant to the Prison Litigation Reform Act [28 U.S.C. § 1915A(b)(1)].

\* \* \*

Plaintiff previously was a pretrial detainee in the Riverside County Jail. He filed two actions in this Court related to civil rights violations that Plaintiff claimed arose during his detention. (Grissom v. County of Riverside, ED CV 10-1727 and 12-1855 PA (MRW) (C.D. Cal.).)

At the request of Plaintiff and the defense, Magistrate Judge Wilner conducted a telephonic settlement conference in those cases. This led to a settlement between the parties. Judge Wilner issued a written order indicating that

1 "the parties reached a mutually acceptable resolution of both pending actions"
2 during the conference. (Case No. 12-1855, Docket # 108.)
3     The defense filed a notice of settlement and an electronically-signed request
4 for dismissal of the actions. (Docket # 110.) The Court granted the request to
5 dismiss the actions. (Docket # 111.) After that, Plaintiff apparently changed his
6 mind. Plaintiff filed several requests to vacate the settlement and to reinstate the
7 case. The Court rejected the requests. (Docket # 112, 113, 114.)
8     Plaintiff then filed the current case. The allegations in the case are
9 essentially identical to those dismissed in the 12-1866 action. For this reason,
10 Judge Wilner ordered Plaintiff to show cause why the refiled (and settled) case
11 should not be dismissed. (Docket # 6.) In his response, Plaintiff claims that he can
12 reinstitute his previous case because he "never executed the settlement agreement"
13 and because the Court did not receive "appropriate materials to memorialize the
14 settlement." (Docket # 7.)
15     The Court takes judicial notice of a declaration of the defense lawyer in the
16 settled case. (No. 12-1866, Docket # 115.) The County's lawyer stated that,
17 because Plaintiff has an outstanding victim restitution order in his state criminal
18 case, the County sent Plaintiff a formal settlement agreement that acknowledges
19 that the settlement funds may be used to repay that debt. Plaintiff refused to sign
20 the agreement to date. As a result, the County has not paid Plaintiff under the
21 settlement agreement.

\* \* \*

23     Plaintiff fails to support his contention that his previous case could only be
24 considered "settled" after he signed a document to that effect. When the parties to
25 an action reach agreement regarding the material terms of the settlement of a
26 lawsuit, a separate written agreement is not required. Lynch, Inc. v. SamataMason,
27 Inc., 279 F.3d 487 (7th Cir. 2002); Woods v. Carey, 2015 WL 7282749 (E.D. Cal.

2015).  Rather, the parties' verbal agreement can form an enforceable agreement to resolve a case.  Id.

In the present action, Plaintiff does not claim that the parties' settlement agreement was ambiguous or failed to cover material aspects of the case. Judge Wilner clearly considered the previous case to be settled when he entered an order describing the result as a "mutually acceptable resolution" for the parties. Instead, Plaintiff appears to have simply changed his mind after the conclusion of the proceedings.  That is not a legitimate basis to revive the previous settled case. Further, the County's belated desire for a written acknowledgement of the existence of Plaintiff's restitution order is insufficient to reopen the case.

As such, the Court must dismiss the present case as "frivolous [ ] or fails to state a claim upon which relief can be granted" based on the parties' previous agreement and the dismissal of the earlier action.  28 U.S.C. § 1915A(b)(1).

Therefore, the present action is hereby DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: December 4, 2015  _____
HON. PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

3